UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN WOODS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | CAUSE NO. 3:14-CV-02020-CAN |

**OPINION AND ORDER**

On November 12, 2014, Plaintiff Steven Woods ("Woods"), proceeding *pro se*, filed his complaint in this Court seeking reversal of Defendant Acting Commissioner of Social Security's ("Commissioner"), final decision denying his application for Supplemental Security Income ("SSI"). On June 23, 2015, Woods filed an opening brief in support of his Social Security appeal. On April 5, 2015, the Commissioner filed a response requesting that the Court affirm the Commissioner's decision. Woods did not file a reply brief. This Court may enter a ruling in this matter based on the parties' consent, 28 U.S.C. § 636(c), and 42 U.S.C. § 405(g).

**I.   PROCEDURE**

On July 20, 2012, Woods filed an application for SSI with the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 1382 alleging disability beginning March 1, 2012. Woods' application was denied initially on September 24, 2012, and then again on November 28, 2012. On July 17, 2013, a hearing was held before an administrative law judge ("ALJ") where Woods and an impartial expert appeared and testified. (*Id.*). On August 8, 2013, the ALJ issued his decision finding that Woods was not disabled at Step Five of the evaluation

process and denied his application for benefits.[1]  On October 1, 2014, the Appeals Council denied Woods' request for review, making the ALJ's decision the final decision of the Commissioner.  Through this action, Woods seeks judicial review of the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g).

II.     RELEVANT BACKGROUND

Woods was born on May 3, 1968, making him 44 years old on the date of his SSI application, and has limited education.  At the time of the July 2013 hearing, Woods was unemployed and living at a church where he was required to do chores and engaged in work therapy at the Salvation Army.  Prior to the alleged onset date, Woods reportedly had no past relevant work.  Records attached to Woods' opening brief in this case show that he received SSI payments from 2004 to 2007.  While Woods provided no explanation for the termination of those benefits, the Commissioner stated that Woods' benefits were likely terminated when he was incarcerated in 2008 and 2009.

At the ALJ hearing, Woods testified that he cannot work because of depression, asthma, arthritis in his fingers and back, Hepatitis C, and schizophrenic tendencies.  As to activities of daily living, Woods testified that he can focus long enough to watch a 30 minute TV show but that he has trouble being around other people because they make fun of him.  Woods also testified that his medications cause him to be jittery.

Included in the administrative record before the ALJ was medical evidence that documented Woods' visits to various doctors from March 2012 through the date of the hearing in

---

[1] Social Security regulations 20 C.F.R. § 416.945 provide a five-part test that ALJs must apply in determining whether a claimant is entitled to disability benefits.

July 2013. Of particular import to the ALJ was Woods' treatment for asthma and emotional and mental disorders including psychotic disorder, depressive disorder, and poly-substance abuse.

In his written decision, the ALJ applied the five-step disability analysis and found that Woods has not engaged in substantial gainful activity from the date of his SSI application and that Woods' depressive disorder, NOS; psychotic disorder; history of substance abuse; and asthma constituted severe impairments. In addition, the ALJ found that Woods does not have an impairment or combination of impairments that meets or medically equals the severity of a listing. The ALJ then determined that Woods retains the residual functional capacity ("RFC") to perform medium work, but is limited to simple, routine, and repetitive tasks that require only simple work-related decisions; must avoid unprotected heights and moving mechanical parts; and can perform goal-oriented work, but not at production-rate pace.

After determining Woods' RFC, the ALJ found that Woods has no past relevant work and that there are jobs that exist in significant numbers in the national economy that the claimant can perform. Based on these findings, the ALJ determined that Woods had not been disabled since July 20, 2012, the date of the filed application. Subsequently, the Appeals Council denied Woods' request for review. The ALJ's decision became the final decision of the Commissioner for purposes of judicial review.

    **A.**    **Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Substantial evidence is more than a mere scintilla but may be less than the weight of the evidence. *Sheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Thus, substantial evidence is simply "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kepple v. Massanari*, 468 F.3d 513, 516 (7th Cir. 2001).

A reviewing court is not to substitute its own opinion for that of the ALJ or to re-weigh the evidence, but the ALJ must build a logical bridge from the evidence to his conclusion. *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Minimally, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ need not specifically address every piece of evidence in the record, but must present a "logical bridge" from the evidence to his conclusions. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010).

### B. Issue for Review

In his briefs, Woods does not raise any argument about whether the ALJ's decision is supported by substantial evidence or whether ALJ applied an erroneous legal standard. Instead, Woods simply requests reinstatement of his SSI benefits listing his impairments; attaches documentation of SSI payments he received between 2004 and 2007; asserts his inability to work; and cites a letter he could not produce, which allegedly stated that his benefits would be reinstated.

Generally, *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, perfunctory and undeveloped arguments—even those presented by *pro se* plaintiffs—are considered waived.

4

*Border v. Crystal Lake*, 75 F.3d 270, 274 (7th Cir. 1996). In addition, *pro se* litigants "must . . . file a legal argument and some supporting authority" because "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point." *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998). Judges are not "required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993).

Woods' briefs do not satisfy this standard. Even inferring an argument that the documentation of his previous SSI benefits should be considered does not help Woods. The SSI documentation was not part of the administrative record before the ALJ. And judicial review under 42 U.S.C. § 405(g) is limited to the closed administrative record unless the claimant can establish that evidence outside the administrative record is new and material. *Melkonyan v. Sullivan*, 501 U.S. 89, 100–01 (1991). Because the SSI documentation was available but not included in the record considered by the ALJ in reaching his August 2013 decision, the evidence is not new. In addition, the documentation is not material to because it does not address Woods' impairments during the specific time period at issue in this case.

Despite Woods' impassioned plea, this Court only retains authority to determine whether the ALJ's decision is supported with substantial evidence and whether the ALJ applied an erroneous legal decision in his finding that Woods is not disabled, and thus not entitled to SSI benefits. The law prohibits this Court from reweighing any of the evidence in the administrative record as Woods seems to be asking the Court to do. Woods' failure to raise either of these reviewable issues here results in waiver of any such arguments. As a result, this Court has no choice but to affirm the ALJ's decision.

**III.     CONCLUSION**

With no argument to the contrary developed in Woods' briefs, the Court must find that the ALJ's decision denying him SSI benefits is supported by substantial evidence and was reached under a correct legal standard. Thus, this Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is instructed to term the case and enter judgment in favor of the Commissioner.

**SO ORDERED.**

Dated this 16th day of December, 2015.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
